# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| **CORINA CASAS, Individually and On Behalf of All Others Similarly Situated,**<br><br>    **Plaintiff,**<br><br>Vs.<br><br>**QUINONEZ FOODSERVICE LTD D/B/A CHACHO'S #1, D/B/A CHACHO'S #2, D/B/A CHACHO'S #3, D/B/A CHACHO'S #5, and D/B/A CHACHO'S #6.**<br><br>    **Defendant.** | **CIVIL ACTION NO. 5:19-cv-1156**<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY OF SUIT

1.  The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of minimum standard of living necessary for health, efficiency and general well-being of workers ...." 29 U.S.C. § 202(a).  To achieve its goals, the FLSA sets minimum wage and overtime requirements for covered employees. 29 U.S.C. §§ 206(a) and 207(a).

2.  Defendant failed to compensate Plaintiff and other similarly situated employees pursuant to the FLSA. Therefore, Plaintiff brings a collective action to recover the unpaid wages and misappropriated tips owed to her and all other similarly situated employees, current and former

pursuant to 29 U.S.C. § 216(b).  Members of the Collective Action are hereinafter referred to as "Class Members."

3. Plaintiff prays that the Class Members be notified of the pendency of this action and apprised of their rights so that they may have an opportunity to join this litigation in a manner envisioned by *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989) and its progeny.

## SUBJECT MATTER JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Venue is proper in the Western District of Texas-San Antonio Division because a substantial portion of the events forming the basis of this suit occurred in this District.

## PARTIES & PERSONAL JURISDICTION

6. Plaintiff Corina Casas is an individual residing in Bexar County, Texas.  Plaintiff's written consent to this action is attached to this Complaint as "Exhibit 1."

7. The Class Members are current and former servers and food runners employed by Defendant at any time three years prior to the filing of this lawsuit to the present.

8. Defendant Quinonez Foodservice, LTD is a domestic Limited Partnership, which does business in Texas as Chacho's locations #1, #2, #3, #5, and #6. The registered agent for service is John Burke, 4320 Industrial Center Drive, San Antonio, Texas 78217.

## FLSA COVERAGE

9. At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

10. At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because it has had employees engaged in commerce. 29 U.S.C. § 203(s)(1).

11. Furthermore, Defendant has had, and continues to have, an annual gross business volume in excess of the statutory standard.

12. At all material times, Plaintiff was an individual employee who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 206-207.

## **FACTS**

13. Defendant operates a Texas chain of Mexican food restaurants named "Chacho's." Chacho's has 5 restaurants located throughout San Antonio and Houston, Texas.[1]

14. Defendant employs servers and food runners to provide services to its restaurant patrons.

15. Plaintiff was employed as a server and food runner from on or about February 5, 2017 to on or about July 2019. Plaintiff worked 35 to 75 hours per week. Plaintiff worked at Defendant's Chacho's #1 and # 2 locations in San Antonio, Texas, as well as at its former Perrin Beitel location in San Antonio, Texas.

16. Defendant paid Plaintiff $8 per hour plus tips.

17. Defendant violated the FLSA when it:

(1) Required Plaintiff and Class Members to participate in a "tip pool" which included ineligible employees such as managers;

(2) Assessed deductions to its employees' wages to account for walked tabs, breakage and shortages, resulting in wages falling short of the FLSA's minimum wage and overtime requirements; and

---

[1] http://chachosmexicangrill.com/location-menu/ (last visited on 9/24/19).

(3) Required its employees to remain at work while off-the-clock to perform work and/or remain engaged to work in case of an unexpected influx of customers.

18. As a consequence of Defendant's actions, Plaintiff and Class Members are due their unpaid minimum wage and overtime.

19. Plaintiff and Class Members are also entitled to their misappropriated tips.

20. Defendant knows or should have known that its policies and practices violate the FLSA, and Defendant has not made a good faith effort to comply with the FLSA. Rather, Defendant knowingly, willfully, and/or with reckless disregard of the law carried and continues to carry out its illegal pattern and practice as plead herein. Defendant's method of paying Plaintiff in violation of the FLSA was not based on a good faith and reasonable belief that its conduct complied with the FLSA. As such, Plaintiff and Class Members are entitled to avail themselves of all damages due within the FLSA's three-year statutory time period as opposed to two years.

## FLSA MINIMUM WAGE, OVERTIME & TIP SHARING VIOLATIONS

21. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

22. Defendant's practice of failing to pay Plaintiff at the required minimum wage and overtime rate violates the FLSA. 29 U.S.C. § 206 and 207. Furthermore, Defendant's illegal tip pool violates the FLSA.

23. None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage and overtime rate are applicable to the Defendant or the Plaintiff.

## COLLECTIVE ACTION ALLEGATIONS

24. Plaintiff has actual knowledge that Class Members have also been denied pay at the federally mandated minimum wage and overtime rate. Additionally, Plaintiff has actual

knowledge that Class Members have had their tips misappropriated by Defendant because they were required to tip share with managers. Plaintiff worked with other servers and food runners at Defendant's restaurants. These employees have reported that they were subject to the same illegal pay practice described in this Complaint. Such other employees have also expressed an interest in joining this lawsuit.

25. Defendant requires all of its servers and food runners to share tips with managers.

26. Defendant deducts for walked tabs, shortages and breakage against its servers' and food runners' wages.

27. Defendant requires its servers and food runners to work off-the-clock.

28. The Class Members perform or have performed the same or similar work as the Plaintiff.

29. Class Members are not exempt from receiving pay at the federally mandated minimum wage and overtime rate under the FLSA.

30. As such, Class Members are similar to Plaintiff in terms of job duties, pay structure, and/or the denial of minimum wage and overtime.

31. Defendant's failure to pay for hours worked at the minimum wage and overtime rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the Class Members.

32. The experiences of the Plaintiff, with respect to her pay, are typical of the experiences of the Class Members.

33. The specific job titles or precise job responsibilities of each Class Member does not prevent collective treatment.

34. All Class Members, irrespective of their particular job requirements, are entitled to compensation for hours worked at the federally mandated minimum wage and overtime rate.

35. Although the exact amount of damages may vary among Class Members, the damages for the Class Members can be easily calculated by a simple formula. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendant that caused harm to all Class Members.

36. Due to the inherent nature of Defendant's tip pool policies, all of Defendant's servers and food runners are similarly situated with respect to the violation.

37. As such, the class of similarly situated Plaintiffs is properly defined as follows:

**Current and former servers and food runners employed by Defendant at any time three years prior to the filing of this lawsuit to the present.**

## DAMAGES SOUGHT

38. Plaintiff and Class Members are entitled to recover compensation for the hours they worked for which they were not paid at the federally mandated minimum wage and overtime rate.

39. Plaintiff and Class Members are also entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

40. Plaintiff and Class Members are entitled to their misappropriated tips.

41. Plaintiff and Class Members are entitled to recover their attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

## JURY DEMAND

42. Plaintiff and Class Members hereby demand trial by jury.

## PRAYER

43. For these reasons, Plaintiff and Class Members respectfully request that judgment be entered in their favor awarding the following relief:

    a) All unpaid wages at the FLSA mandated minimum wage and overtime rate;

b) An equal amount as liquidated damages as allowed under the FLSA;

c) Reasonable attorney's fees, costs and expenses of this action as provided by the FLSA;

d) All misappropriated tips; and

e) Such other relief to which Plaintiff and Class Members may be entitled, at law or in equity.

Respectfully submitted,

**SHELLIST | LAZARZ | SLOBIN LLP**

By: */s/ Ricardo J. Prieto*
**Ricardo J. Prieto**
Texas Bar No. 24062947
rprieto@eeoc.net
**Todd Slobin**
Texas Bar No. 24002953
tslobin@eeoc.net
**Mark G. Lazarz**
Texas Bar No. 12069100
mlazarz@eeoc.net
**Melinda Arbuckle**
Texas Bar No. 24080773
marbuckle@eeoc.net
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
Telephone: (713) 621-2277
Facsimile: (713) 621-0993

**ATTORNEYS FOR PLAINTIFF & CLASS MEMBERS**